DONOVAN, Plaintiff v. POWERS, Respondent

(193 N.W.2d 796)

(File No. 10995.  Opinion filed January 27, 1972)

**Willy, Pruitt & Matthews, Gene E. Pruitt,** Sioux Falls, for plaintiff and appellant.

**Braithwaite, Cadwell & Braithwaite,** Sioux Falls, for defendant and respondent.

BIEGELMEIER, Judge.

Defendant, a painting contractor, employed plaintiff as a painter; the hours of employment were from 8 a. m. to 4:30 p. m. at $3.50 per hour with payment for the preceding week being made each Friday at 4:30 p. m. On the Friday in question, plaintiff and defendant had completed one of the rooms of the house on which they were working when there was some discussion about going hunting. Following this conversation plaintiff carried out some equipment to defendant's truck which was parked in the driveway of the residence on which they were working. Defendant computed plaintiff's pay for the prior week up to 4:30 p. m. that day, wrote out a check and gave it to him. Defendant entered his pickup truck, which he regularly used in his business, and at 3:30 p. m. while backing it struck plaintiff who was walking toward his pickup parked nearby and caused injuries to plaintiff. It appears defendant had complied with our Workmen's Compensation Law (SDCL 62) in securing payment of compensation by insurance therefor. SDCL 62-5-2. Certain medical expenses and weekly compensation were paid by defendant's workmen's compensation carrier.

Thereafter plaintiff brought this action for damages. It was tried to the court which entered findings of fact, conclusions of law and a judgment for defendant from which plaintiff appeals. In addition to the facts above the court found plaintiff was injured on the premises where the work of plaintiff and defendant was being done during plaintiff's regular hours of employment, that at the time of the accident both plaintiff and defendant were subject to the provisions of the South Dakota Workmen's Compensation Law, and concluded the injury to plaintiff arose out of and in the course of his employment, that his exclusive remedy was under that Law, and there was no common-law liability of defendant to plaintiff on account of the injuries sustained by plaintiff.

Some basic principles will first be stated. The designation of a finding of fact as a conclusion of law (or vice versa) is not determinative of its true nature and a fact expressed as a conclusion of law will be treated on appeal as a finding of fact. State

ex rel. Van Loh v. Prosser, 78 S.D. 35, 98 N.W.2d 329, and see State ex rel. Barnes v. Behan, 81 S.D. 56, 131 N.W.2d 81; Wilson v. Allstate Insurance Company, 85 S.D. 553, 186 N.W.2d 879. Findings of fact may not be set aside "unless clearly erroneous." RCP 52 (a), SDCL 15-6-52(a); In re Estate of Hobelsberger, 85 S.D. 282, 181 N.W.2d 455; Mulder v. Tague, 85 S.D. 544, 186 N.W.2d 884. The Workmen's Compensation Law is remedial and should be liberally construed to effectuate its purpose. Schwan v. Premack, 70 S.D. 371, 17 N.W.2d 911; Bergren v. S. E. Gustafson Const. Co., 75 S.D. 497, 68 N.W.2d 477. This construction applies to law not the evidence to support the claim. Podio v. American Colloid Co., 83 S.D. 528, 162 N.W.2d 385.

The general purpose of the Workmen's Compensation Law is to substitute, in place of the doubtful contest for recovery on proof of an employer's negligence and the absence of common-law defenses, a right of relief based on the fact of employment (stated to be practically automatic and certain), which improves the economic status of the worker and obviates the uncertainties, delay, expense and hardship attendant upon the enforcement of common-law remedies. 58 Am.Jur., Workmen's Compensation, § 2. Here the issue is whether the employment so as to be covered by that Law existed at the time the injuries occurred.

We conclude the trial court's rulings that the plaintiff's injuries occurred on the premises where plaintiff and defendant were working during the regular hours of that employment and arose out of and in the course of that employment are not clearly erroneous and may not be set aside by the court.

▇▇▇ In Anderson v. Hotel Cataract, 70 S.D. 376, 17 N.W.2d 913, two employees engaged in a dispute, whereupon one employee Anderson said he was going to quit and go home, went to his locker to get his coat and while putting it on was assaulted by another employee. Anderson died as a result of the blows received. The court wrote:

"Discharge by the employer, and quitting by an employee, are but incidents of all employments. A discharged employee is allowed a reasonable time in which to

leave the premises of his employer. Zygmuntowicz v. American Steel & Wire Co., 240 Mass. 421, 134 N.E. 385; W. B. Davis & Son v. Ruple, 222 Ala. 52, 130 So. 772; 71 C.J. 420. We hold that an employee who quits remains in the course of his employment until afforded a reasonable opportunity to leave the employer's premises. Gardner v. Stout, 342 Mo. 1206, 119 S.W.2d 790.

"It follows, we are of the opinion, that the accidental injury of the deceased arose out of and in the course of his employment."

If an employee who is discharged or quits his work is allowed a reasonable time to leave the employer's premises and during that time is within the protection of the compensation law, likewise in that "time" period he is within its protection as he covers that "space" necessary to leave the employer's premises.

■ ■ Plaintiff Donovan had no authority to enter or be in the house which was being painted or on the private premises where it was located except as an employee of defendant. The house and private lot on which it stood were the premises over which defendant had control while the work was in progress and in effect his actual "working place". As such, accidental injuries suffered by an employee while leaving the building wherein his actual work is being done is generally deemed to have arisen out of and in the course of the employment within the meaning of the workmen's compensation acts. 58 Am.Jur., Workmen's Compensation, § 221. We need not determine how far this protection extends for here the injuries occurred on the private driveway adjacent to the house in or on which the employment was being carried out. It was undisputed the employment agreement required plaintiff to work until 4:30 p. m.; he had been paid for that time and was subject to be called on to perform any incidental work in connection with his employment. Defendant testified: "We was going to go hunting and first, we was going to stop over and get, pick up a compressor on another job. * * * I was supposed to * * * get it out of his house". Plaintiff testified nothing was said about that.

Under the Anderson opinion the employer-employee relation continued to, and existed at, the time of the injuries. See also 58 Am.Jur., Workmen's Compensation, § 214.

Affirmed.

HANSON, P. J., and WINANS and WOLLMAN, JJ., concur.

DOYLE, J., not participating.