**STATE of South Dakota, DEPART-
MENT OF PUBLIC SAFETY,
Plaintiff and Appellant,**

v.

**Gordon Claire EASTMAN, Defendant
and Respondent.**

**No. 12394.**

Supreme Court of South Dakota.

Submitted on Briefs.

Decided Dec. 29, 1978.

Judith A. Atkinson, Asst. Atty. Gen., Pierre, for plaintiff and appellant; William J. Janklow, Atty. Gen., Pierre, on the brief.

Timothy J. McGreevy, of Dana, Golden, Moore & Rasmussen, Sioux Falls, for defendant and respondent.

PER CURIAM.

This case involves the revocation of the driver's license of Gordon Claire Eastman by the Department of Public Safety (department) after an administrative hearing before a department examiner regarding Eastman's refusal to submit to a chemical breath test. Upon review by the Circuit Court for the Second Judicial Circuit under the provisions of SDCL Chapter 1–26, the circuit court reversed the decision of the department for failure to make findings of fact and conclusions of law. We reverse and remand the judgment of the circuit court.

On March 26, 1975, Mr. Eastman was arrested for driving while intoxicated in violation of SDCL 32–23–1 and was requested to take the chemical breath test as provided under South Dakota's Implied Consent Laws. Eastman refused. As a result of his refusal, the department notified him of its intent to revoke his driver's license. Upon Eastman's request, a hearing was held which resulted in the hearing examiner issuing an order revoking Eastman's driver's license for a period of one year. Eastman then appealed to the circuit court for judicial review of the hearing examiner's order under the provisions of the South Dakota Administrative Procedure Act, SDCL Chapter 1–26. The circuit court dismissed the appeal on the grounds that such

review was not available to Eastman, but this court reversed the circuit court's dismissal and remanded the matter to the circuit court for judicial review under SDCL Chapter 1–26. *State v. Cronin and Eastman*, S.D., 250 N.W.2d 690 (1977). Upon said review, the circuit court reversed the order of revocation of the department because of the hearing examiner's failure to make findings of fact and conclusions of law in conjunction with his order of revocation. The department appeals contending that the circuit court's reversal was error. We agree.

■ The right to judicial review of administrative decisions in contested cases under the South Dakota Administrative Procedure Act is provided in SDCL 1–26–30 and 1–26–30.2.[1] These sections provide for review of "final decisions" and "preliminary, procedural, or intermediate" actions or rulings of an agency. The decision involved in this case would clearly be considered a "final decision."

■ SDCL 1–26–25 specifically states that a final decision "shall include findings of fact and conclusions of law, separately stated." Since a circuit court can only review a final decision and since a final decision must include findings of fact and conclusions of law, a circuit court cannot properly review a decision unless it includes findings of fact and conclusions of law. In the instant case, the circuit court stated that the failure of the hearing examiner to make findings of fact and conclusions of law violated SDCL 1–26–25 and it relied upon SDCL 1–26–36(1) and (3) in reversing the hearing examiner's order of revocation.[2]

1. SDCL 1–26–30 provides in part:

A person who has exhausted all administrative remedies available within any agency or a party who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter . . . A preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy.

SDCL 1–26–30.2 provides:
An appeal shall be allowed in the circuit court to any party in a contested case from a final decision, ruling or action of an agency.

2. SDCL 1–26–36(1) and (3) reads as follows:

The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may

We agree with the circuit court that that absence of findings of fact and conclusions of law violates SDCL 1–26–25. We disagree, however, with its disposition of the matter. The court's ruling that the failure of the hearing examiner's order to comply with SDCL 1–26–25 authorized it to reverse the order under SDCL 1–26–36(1) and (3) was erroneous. The provisions of SDCL 1–26–36 are applicable only to the merits of a decision, not its form. If Eastman's due process or other procedural rights had been violated, then reversal could be based upon SDCL 1–26–36(1) and (3), but this case does not involve that type of statutory violation going to the merits of the decision. The defect here is simply that the form of the final decision does not comply with the statute. The department's decision was not, statutorily, a "final decision" and cannot properly be reviewed. By its very terms, SDCL 1–26–36 dictates that its application in this instance was improper. It requires that "findings, . . . conclusions, or decisions" exist in order for it to be applicable. If they do not exist, the court cannot apply any of the six classifications to them. The findings, conclusions, or decisions in this case do not violate statutory provisions [3] and were not made upon unlawful procedure [4] since they are nonexistent. The court cannot "affirm, modify or reverse the findings and conclusions entered by the agency" [5] when there are none. The circuit court's only option was to remand the cause to the department for further proceedings, i. e., the making of findings of fact and conclusions of law.

Therefore, we reverse the judgment of the circuit court and remand the cause to that court with instructions for remand to the department for preparation of findings of fact and conclusions of law.

reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(1) In violation of constitutional or statutory provisions;

\* \* \* \* \* \*

(3) Made upon unlawful procedure;

\* \* \* \* \* \*

A court need not enter its own findings of fact and conclusions of law but may affirm,

modify or reverse the findings and conclusions entered by the agency as part of its judgment.

. . .

3. SDCL 1–26–36(1). See note 2, supra.

4. SDCL 1–26–36(3). See note 2, supra.

5. SDCL 1–26–36. See note 2, supra.