**NORTH RIVER INSURANCE COMPA-
NY, Plaintiff and Appellant,**

v.

**GOLDEN RULE CONSTRUCTION, INC.,
Defendant and Appellee.**

No. 12898.

Supreme Court of South Dakota.

Argued May 27, 1980.

Decided Oct. 1, 1980.

Edwin E. Evans of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for plaintiff and appellant.

Stuart L. Tiede of Woods, Fuller, Shultz & Smith, Sioux Falls, for defendant and appellee; Merle A. Johnson of Woods, Fuller, Shultz & Smith, Sioux Falls, on brief.

MORGAN, Justice.

A Minnehaha County jury found for the defendant–appellee, Golden Rule Construction (Golden Rule), on all issues in a declaratory judgment action to determine and declare the rights of the parties under an insurance contract issued by plaintiff–appellant, North River Insurance Company (North River), to Golden Rule. After the general jury verdict the trial court granted North River's motion for summary judgment on Golden Rule's counterclaim, denied North River's motion for judgment n. o. v., awarded Golden Rule prejudgment interest from the date of the jury verdict to the date of the judgment, and refused to award Golden Rule attorney fees. North River appeals, and Golden Rule filed a notice of review. We affirm in part, reverse in part, and remand.

Golden Rule, a South Dakota corporation primarily engaged in the construction of small commercial structures, purchased Builders' Risk insurance policies from North River through Robert Johnson, an officer and employee of Edmison–Johnson Agency, Inc. (agency), which had an agency–company agreement with North River to sell its insurance.

In 1973 Golden Rule decided to change types of policies from the type whereby an individual policy was purchased for each individual structure, to a "blanket" type whereby one policy was purchased to cover all structures. Golden Rule compared rates of different companies and, after talking with Jerry Roth, North River's Sioux Falls Service Office fieldman, decided to purchase the policy offered by North River through agency.

The policy became effective in June 1973. Per instructions apparently from Johnson who received them from Roth, an employee of Golden Rule filled out the monthly reports each month thereafter by reporting the value of work completed for that month on each project. Golden Rule so reported and filed its monthly reports for four and one–half years. At least two or three separate offices of North River received the reports, and its underwriters periodically reviewed the policy itself.

During that four and one–half year time period, the policy was changed once to reflect an increase in the amount of the annual deposit and an increase in the deductible. Three minor claims, all of which were amounts less than the last monthly reported amounts, were made by Golden Rule and paid by North River. North River never questioned Golden Rule's method of reporting before, after, or at the time it paid those claims.

On January 6, 1978, a fire destroyed the Married Student Housing Project at Sioux Falls College, one of appellee's construction projects. Golden Rule filed with North River a claim for the full loss of $218,761.85. Although the question of reporting came up within a matter of days, North River did not advise Golden Rule of its denial of coverage until May 17, 1978. Golden Rule had received partial payments amounting to $68,825, the amount that Golden Rule last reported on that project in December 1977 for November 1977 construction. North River thereafter refused to make any further payments.

North River contends that Golden Rule was to make monthly reports of the *entire* value of work done to date per project, while Golden Rule contends that it only had

to make monthly reportings of the amount of work completed during the previous month. The amount of the insurance premium due each month was based on the monthly report. The premiums would have been substantially larger if Golden Rule had reported as North River now says it should have.

On May 19, 1978, North River drafted, and on May 26, 1978, filed a declaratory judgment action to determine just what the rights and obligations of the parties were under the contract. Golden Rule counterclaimed for the remaining amount due from the fire loss, consequential damages, punitive damages, attorney fees, prejudgment interest, and costs and disbursements. The trial court bifurcated the complaint and the counterclaim, ordering that two separate trials be held.

On June 6, 1979, a jury trial began to try the issues raised under North River's complaint. In a general verdict the jury found for Golden Rule on all issues, after which the trial court entered an interlocutory judgment in favor of Golden Rule for the balance due under the insurance policy for the loss in the sum of $149,936.85, together with interest for that period of time from the jury verdict to the date of judgment, less premiums due to North River from Golden Rule for the time period from June 18, 1977, through June 17, 1978, in the sum of $7,650. The trial court then granted North River's motion for summary judgment on all the counts contained in Golden Rule's counterclaim.

North River appealed from certain trial court determinations, and Golden Rule filed a notice of review of other issues pursuant to SDCL 15–26A–10. In addition, Golden

Rule made application for attorney fees, which was deferred until oral arguments.

North River argues that the trial court erred in ruling that parol evidence was admissible to explain the "completed value reporting clause"[1] contained in the insurance policy. The trial court allowed into evidence testimony concerning certain conversations between Johnson and one of Golden Rule's employees, which were had explaining the reporting method and directing that the reports be submitted in the manner utilized by Golden Rule. Although North River objected to the evidence based on the parol evidence rule, the trial court apparently allowed it in because the reporting clause was ambiguous.

"Whether the language of a contract is ambiguous is ordinarily a question of law for the court." *Jensen v. Pure Plant Food Intern., Ltd.,* 274 N.W.2d 261, 264 (S.D.1979). Although we are unable to find exactly where in the record the trial court determined that the contract was ambiguous, it evidently did so,[2] even though the trial court instructed the jury that it was for them to decide if the contract was ambiguous. "The law is quite clear that the effects and terms of a contract are questions of law for the court to determine alone. However . . . when there is an ambiguous contract, evidence must be introduced to determine what the intentions of the parties were and . . . such evidence creates a question of fact, which must be resolved by the jury." *Delzer Const. Co. v. South Dakota State Bd.,* 275 N.W.2d 352, 355 (S.D.1979).

In reviewing the trial court's determination, this court "can read the [contract] for [itself] without the presumption in favor

---

1. The relevant paragraph of the policy, in pertinent part, reads as follows:

   During the term of this policy the Assured agrees to keep an accurate record of all property insured by this policy and on or before the fifteenth (15th) day of each month to report in writing to this Company, or its Agent, the location (address) and completed value (total value at date of completion) of each building or structure which is at risk as of the last day of or at any other time during the preceeding [sic] month and pay premium

   thereon at the rate of $.029 per $100.00 of completed value.

2. During the settling of the jury instructions, the trial court said:

   The Court's position, and I'm not–I can't recall verbatim my record on this particular item, but my ruling was that I felt the issue was that particular clause, that the issue between the parties was that it was ambiguous, and for that reason the Court treated it that way.

of the trial court's determination." *Teigen Const. v. Pavement Specialists, Inc.*, 267 N.W.2d 574, 577 (S.D.1978); *Williams v. American Casualty Co. of Reading, Pa.*, 6 Cal.3d 266, 98 Cal.Rptr. 814, 491 P.2d 398 (1971).

In determining whether an ambiguity exists, this court has quoted the Supreme Court of Iowa, *Boyer v. Iowa High School Athletic Association*, 260 Iowa 1061, 152 N.W.2d 293 (1967), in saying that " '[a] contract is ambiguous when, after application of pertinent rules of interpretation to the face of the instrument, a genuine uncertainty exists as to which of two or more meanings is the proper one.' " *Jensen v. Pure Plant Food Intern., Ltd.*, 274 N.W.2d at 264.

After reading the insurance policy, in particular the portion relating to the method of reporting, we conclude that there is a genuine uncertainty as to what exactly is to be reported. It is unclear whether Golden Rule is to report each month's completed value, after which North River will combine the totals in order to figure the correct premium amount due, or whether Golden Rule is to add each month's completed value to the previous ones and report that amount upon which North River will then figure the correct premium amount due.

When a contract is ambiguous, parol evidence is admissible.

> Parol or extrinsic evidence may not be admitted to vary the terms of a written instrument or to add to or detract from the writing. When the writing is uncertain or ambiguous, however, such evidence is admissible to explain the instrument. 'In other words, evidence is resorted to where the ambiguity may be dispelled to show what they meant by what they said, but not to show that the parties meant something other than what they said.'

*Jensen*, 274 N.W.2d at 263–264 (citations omitted). The trial court, therefore, was correct in allowing the introduction of parol evidence.

Since the policy is ambiguous, the doctrines of waiver and estoppel, as urged by North River, are not applicable under the circumstances presented in the instant case.

After the jury verdict but before the trial court entered judgment, North River made a motion asking the trial court to award it any and all past due premiums due and owing by Golden Rule to North River under the insurance policy at issue. Golden Rule's objection to such a request and award seems to stem from the fact that North River did not specifically request such an award in its prayer for relief. North River's prayer for relief reads as follows:

> WHEREFORE, [North River] prays that the Court take and retain jurisdiction of the controversy between [North River] and [Golden Rule], determine, fix and declare the rights, status, duties, obligations, and legal relations of the parties and enter a judgment herein determining that [North River] has fulfilled its obligations under said written contract and has no further obligation to [Golden Rule] . . . and that [North River] have and recover its costs and disbursements, *together with such other or further relief as to the Court seems just and proper* in the premises. (Emphasis added.)

This prayer for relief clearly covers any additional premiums which are just and proper.

Golden Rule argues that the trial court should not have awarded additional premiums to North River. We disagree. North River is entitled to additional premiums; otherwise, Golden Rule would reap more benefits than it is entitled to. It is clear that premiums were to be figured on the *aggregate* total of work completed. What is unclear is who was to arrive at the aggregate total and what Golden Rule was to report. We therefore agree with the trial court that additional premiums are due. We do not, however, agree with the additional premium amount arrived at by the trial court. It figured the amount due for the year commencing June 18, 1977, and ending June 17, 1978. We are unable to

determine how or why the trial court arrived at this particular time period.

The additional premiums due should relate to the project for which recovery was sought. The proper amount due and owing should therefore be figured from August 1977, the date construction on the Married Student Housing Project began until January 1978, the date when the fire occurred. We remand to the trial court for determination of the proper amount of the additional premiums due to North River.

The trial court allowed prejudgment interest only from the date of the verdict to the date of the judgment. Golden Rule argues that it should have been allowed to recover interest before that date. SDCL 21–1–11 reads:

> Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor, from paying the debt.

The United States Court of Appeals for the Eighth Circuit said: "There is no constitutional barrier or common law proscription against the allowance of pre–verdict interest by the court." *Peter Kiewit Sons' Co. v. Summit Construction Co.*, 422 F.2d 242, 272 (8th Cir. 1969). The court went on to say that "South Dakota law permits the allowance of pre–verdict interest." Id. See also *Beka v. Lithium Corporation of America*, 77 S.D. 370, 92 N.W.2d 156 (1958).

■ There is no doubt, then, that prejudgment interest is recoverable. The question to be answered is when is it recoverable?

■ "By its terms interest is recoverable when the damages are certain, or capable of being made certain by calculation." *State v. Ed Cox and Son*, 81 S.D. 165, 180, 132 N.W.2d 282, 290 (1965). The amount of

damages suffered by Golden Rule due to the fire never was in dispute; North River just refused to pay the entire amount. Although the trial court did eventually allow a slight setoff, the damage amount was certain. Under SDCL 21–1–11, then, Golden Rule is entitled to prejudgment interest from the date of refusal.[3]

■ In light of our holdings in this case, we affirm the trial court's grant of North River's motion for summary judgment on all counts contained in Golden Rule's counterclaim. The trial court granted the motion based on its Conclusions of Law as follows:

### VI.

[Golden Rule] has recovered the full amount due and owing under the terms of the insurance policy of the parties, less premiums due [North River].

### VII.

[Golden Rule] is not entitled to recover a greater amount in damages than [Golden Rule] could have gained by full performance by both parties.

### VIII.

[Golden Rule] has recovered in full for [North River's] breach of its obligations under the subject insurance policy and nothing further can be recovered thereunder by [Golden Rule].

### IX.

Punitive damages are not recoverable herein for the reason that all [Golden Rule's] Counterclaims arise from and are based upon contract.

### X.

Count I of [Golden Rule's] Counterclaim is moot for the reason that all issues raised therein have already been re-

---

**3.** We find that North River was not dilatory in conducting the investigation of the claim, so we fix the date of refusal, May 17, 1978, as the appropriate date when such interest shall begin to run.

solved in [North River's] declaratory judgment action.

## XI.

Count II of [Golden Rule's] Counterclaim alleges both a breach of contract and tort, but [Golden Rule] has failed to properly elect its remedy between the two causes of action; that any tortious conduct of [North River] would be based upon breach of the contract and would not be separate and independent.

## XII.

[Golden Rule] has failed to properly allege, or otherwise demonstrate to the Court the specific acts of oppression or malice which [North River] has been guilty of, and such allegations must therefore be stricken and disregarded.

## XIII.

Count III of [Golden Rule's] Counterclaim is moot for the reason that all issues raised therein are based upon [Golden Rule's] breach of contract action which has already been resolved in [North River's] declaratory judgment action; that [Golden Rule] is entitled to no further damages in this regard in light of its recovery of the full amount owed it under the insurance policy, less premiums due.

.    .    .    .    .    .

## XVII.

[Golden Rule's] claims were fully and fairly litigated [in North River's] declaratory judgment action before a jury and [Golden Rule] has recovered the full amount it is entitled to under the Law.

## XVIII.

There is no genuine issue as to any material fact and [North River] is entitled to judgment on [Golden Rule's] Counterclaims as a matter of law.

We agree with the trial court and hold that the foregoing conclusions of law are supported by the record which includes pretrial discovery process, the trial record, and Golden Rule's offer of proof.

▓▓▓▓ Golden Rule claims that it is entitled to attorney fees. In its Findings of Fact IV the trial court found that "[t]here is no evidence that [North River's] refusal to pay was vexatious or without reasonable cause." This court presumes that a trial court's findings of fact are correct. *Wilson v. Allstate Insurance Company*, 85 S.D. 553, 186 N.W.2d 879 (1971); *Hilde v. Flood*, 81 S.D. 25, 130 N.W.2d 100 (1964). Golden Rule has failed to show that the trial court's finding of fact was incorrect. On May 17, 1978, North River refused full payment for Golden Rule's loss, and on May 19, 1978, North River drafted its complaint, which was filed one week later. In light of the facts and issues in this case, these acts were not "vexatious or without reasonable cause," as required by SDCL 58–12–3.[4] We conclude, therefore, that the trial court was correct in refusing to allow such attorney fees.

Accordingly, we affirm the trial court's ruling on the admissibility of parol evidence, the disallowance of attorney fees, and the grant of North River's motion for summary judgment as to Golden Rule's

4.  SDCL 58–12–3 reads:
    In all actions or proceedings hereafter commenced against any insurance company, including any reciprocal or interinsurance exchange, on any policy or certificate of any type or kind of insurance, if it appears from the evidence that such company or exchange has refused to pay the full amount of such loss, and that such refusal is vexatious or without reasonable cause, the department of labor, the trial court and the appellate court, shall, if judgment or an award is rendered for plaintiff, allow the plaintiff a reasonable sum as an attorney's fee to be recovered and collected as a part of the costs, provided, however, that when a tender is made by such insurance company or exchange before the commencement of the action or proceeding in which judgment or an award is rendered and the amount recovered is not in excess of such tender, no such costs shall be allowed. The allowance of attorney fees hereunder shall not be construed to bar any other remedy, whether in tort or contract, that an insured may have against the same insurance company arising out of its refusal to pay such loss.

counterclaim. We also affirm the trial court's judgment to the extent that it reflects the award of $149,936.85, less additional premiums owed to North River, plus prejudgment interest, reversing, however, as to the trial court's determination of the computation of such premiums and interest, and remanding to the trial court for determination of the proper amounts in accordance with this opinion.

All the Justices concur.