**WILLIAM COLLINS, INC., Plaintiff and Appellee,**

v.

**SOUTH DAKOTA STATE BOARD OF TRANSPORTATION, et al., Defendants and Appellants.**

**No. 12940.**

Supreme Court of South Dakota.

Considered on Briefs May 27, 1980.

Decided Nov. 5, 1980.

Ronald G. Schmidt of Schmidt, Schroyer & Colwill, P. C., Pierre, for plaintiff and appellee.

Carl W. Quist, Asst. Atty. Gen., Pierre, for defendants and appellants; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

PER CURIAM.

In this action to recover moneys due under a construction contract William Collins, Inc., (Collins) was awarded $60,535.51 plus interest. The South Dakota State Board of Transportation (State) appeals from that portion of the judgment granting interest. Collins claims error in the method of computing interest. We affirm.

The State argues that the trial court erred by granting interest on the judgment from the date payment was due following completion of the project to the date of satisfaction of the judgment because SDCL 31–2–38 and 31–2–39 do not specifically authorize the payment of interest. In *Sweet-*

man *Const. Co., Inc. v. State,* 293 N.W.2d 457 (S.D.1980), we held that:

> Those statutes, however, simply deal with the manner in which judgments against the Highway Department are to be satisfied. SDCL 21–1–11 provides that interest is allowable as an item of damages when the amount is capable of being made certain and vested on a particular day.

293 N.W.2d at 462 (footnote omitted). The amount due was capable of determination the day the project was completed. See *North River Insurance Company v. Golden Rule Construction, Inc.,* 296 N.W.2d 910 (S.D.1980). We find no error in the grant of interest or in the method used to calculate the interest.

The judgment is affirmed.