ST. PAUL FIRE AND MARINE
INSURANCE COMPANY,
Plaintiff and Appellant,

v.

James T. TOMAN, Defendant
and Appellee,

and

Van Collins, Defendant.

No. 14301.

Supreme Court of South Dakota.

Argued March 20, 1984.

Decided July 3, 1984.

Michael L. Luce of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for plaintiff and appellant; Carleton R. Hoy of Davenport, Evans, Hurwitz & Smith, Sioux Falls, on brief.

Mark F. Marshall of Bangs, McCullen, Butler, Foye & Simmons, Rapid City, for defendant and appellee; Joseph M. Butler of Bangs, McCullen, Butler, Foye & Simmons, Rapid City, and Michael Strain, White River, on brief.

HERTZ, Circuit Judge.

Plaintiff-appellant St. Paul Fire and Marine Insurance Co., (Insurer) appeals from a declaratory judgment in favor of the defendant-appellee, James T. Toman (Toman). The judgment awarded Toman $28,000.00 under a valued policy issued by the insurer, together with prejudgment interest computed from September 26, 1981, the date of the fire. Insurer claims the trial court erred in the awarded judgment, and in the prejudgment interest calculation. We affirm, and modify the prejudgment interest award.

In a newspaper display advertisement Toman advertised his public auction for September 23, 1981. Among the items listed for sale was a 24 foot by 40 foot house which was to be removed from Toman's farmstead. Prior to the auction sale, the auctioneer announced that the house had to be removed under terms negotiated by the buyer and Toman.

Van Collins was the successful bidder at the sale. He purchased the residence for $3,250.00, and issued his check to the auctioneer for that amount. No written document evidencing a sale was issued to Van Collins by the auctioneer.

Prior to the sale of the residence Van Collins and Toman discussed whether Toman could rent the residence to pheasant hunters during the approaching hunting season. Van Collins said that if he purchased the house, Toman could go ahead with such plans. The time for the actual removal of the house was neither discussed, nor specified by Toman. Van Collins testified that he fully understood he would have to get Toman's approval before removal operations could begin. Van Collins stated that he had no immediate plans to remove the house since he thought he should have a bill of sale from Toman. Van Collins knew Toman was still occupying the house, at least on a part-time basis, and would therefore have to move out before the house could be moved. Van Collins was considering the possibility of reselling the house to another party and letting that party move it.

Toman occupied the house on the night of the sale, as well as the night of September 24, 1981. He left for Rapid City on a business trip on the morning of September 25, 1981. When he returned on September 26, 1981, the house had been completely destroyed by fire. Insurer's policy of insurance covering loss by fire of Toman's property insured the residence for $28,000.00.

Insurer admits that if it is liable under the policy, it is liable for the payment of the full amount of the $28,000.00 since the policy was a "valued policy."

Insurer claims, however, that Toman no longer had an insurable interest in the house at the time of the fire loss and that the risk of the loss had passed to Van Collins. Toman contends he did have an insurable interest and payment under the policy provision should be effected.

In reviewing the trial court's decision we must comply with the provisions of SDCL 15–6–52(a). A trial court's finding of the facts may not be set aside unless they are clearly erroneous. *In Re Estate of Hobelsberger*, 85 S.D. 282, 181 N.W.2d 455 (1970). The trial court concluded that the risk of loss had not yet passed to Van Collins; that there had been no "tender of delivery"

as required by SDCL 57A–2–509(3); and, that the sale of the house was a sale of "goods" to which SDCL 57A–2–107(2) of the Uniform Commercial Code applied.

Insurer claims that at the time of the sale the house constituted real property and that title had passed to Van Collins, thereby negating any insurable interest in Toman. Insurer points out that SDCL 57A–2–107(1) provides that where "materials [are] to be removed from realty [it] is a contract for the sale of goods ... if they are to be severed by the seller[,] but until severance a purported present sale thereof which is not effective as a transfer of an interest in land is effective only as a contract to sell." Insurer contends that this represented a contract for the sale of an interest in real property to which U.C.C. provisions have no application. Insurer insists that this conclusion is correct in view of the trial court's finding that title had passed to Van Collins. Such a conclusion is not warranted on an examination of the record. There is no document of any kind entered into evidence indicating a conveyance from Toman to Van Collins of an interest in real property.

■■ Insurer urges, however, that the auctioneer and the clerk had authority in writing from Toman to transfer an interest in his real property. Insurer correctly concludes the auctioneer and clerk were agents of Toman for the purpose of selling his property at the public auction sale, but fails to show the authorization to execute an instrument of conveyance on behalf of Toman. Insurer reasons that SDCL 43–25–1 does not prescribe the form in which the agent's authority is conveyed, except to require that it be in writing. This requirement is met, according to insurer, by the "sale flyer" which acknowledges Toman as the owner of the house to be sold and designates the auctioneer and clerk as his agents for the purposes of effectuating that sale. Despite the fact that the sale advertisement contains no specific authority for the agents to execute a conveyance, insurer reasons that since no limitations were placed on the agent's authority and in

the absence of special usage to the contrary, the auctioneer had authority to execute the appropriate conveyance (SDCL 59–8–1). Such reasoning clearly is without basis in this record and it is not a common practice or usage of auctioneers when the sale of an interest in land is proffered.

■ Insurer further claims that because the sale of an interest in land was made the provisions of the Uniform Vendor and Purchaser Risk Act, particularly SDCL 43–26–7, are applicable and dispositive of Toman's claim of an insurable interest in the house. However, since we conclude that the sale of the house was not a sale of an interest in land, this contention is without merit.

It is important to note at this juncture that the concept of title under the U.C.C. is of decreased importance.

> No longer is the question of title of any importance in determining whether a buyer or a seller bears the risk of loss. It is true that the person with title will also (and incidentally) often bear the risk that the goods may be destroyed or lost; but the seller may have title and the buyer the risk, or the seller may have the risk and the buyer the title. In short, title is not a relevant consideration in deciding whether the risk has shifted to the buyer.

R. Nordstrom, Handbook of the Law of Sales, 393 (1970) quoted in *Martin v. Melland's Inc.*, 283 N.W.2d 76, 79 (N.D.1979). The prevailing view is that the passage of title is not a final determining factor. Under the risk of loss provisions of the U.C.C. the courts should determine the rights of the parties.

Insurer contends that the sale was one for "goods" or personal property for the purpose of determining passage of title and then argues that the provisions of the Uniform Vendor and Purchaser Risk Act should be used to determine the risk of loss. This is a clear contradiction in legal theory. Simply put, insurer has failed to provide evidentiary support in the record and the settled law to support its claim that

the sale of an interest in real property resulted when Toman's house was sold.

The provisions of SDCL 57A–2–107(2) provide that the sale of "other things attached to realty and capable of severance without material harm thereto ... is a contract for the sale of goods ... whether the subject matter is to be severed by the buyer or by the seller even though it forms part of the realty at the time of contracting, and the parties can by identification effect a present sale before severance." Here it is undisputed that Toman and Van Collins mutually identified the property being sold. It was in fact sold at the public auction sale on September 23, 1981.

 SDCL 57A–2–501(2) recognizes that "[t]he seller retains an insurable interest in goods so long as title to or any security interest in the goods remains in him and where the identification is by the seller alone he may until default or insolvency or notification to the buyer that the identification is final substitute other goods for those identified." In addition

SDCL 57A–2–509(3), provides:

"In any case not within subsection (1) or (2), the risk of loss passes to the buyer on his receipt of the goods if the seller is a merchant; otherwise the risk passes to the buyer on *tender of delivery.*" (Emphasis supplied).

No one contends Toman as the seller was a "merchant" as defined in SDCL 57A–2–104(1). Further, it is clear that Toman never made the "tender of delivery" of the house as required by SDCL 57A–2–509(3). Van Collins knew that Toman was occupying the house at least on a part-time basis; he further knew from the auctioneer's announcement that the removal of the house would have to be negotiated with Toman since Toman not only used the house occasionally, but also retained personal property in it. We agree with the trial court that Toman had an insurable interest, SDCL 58–10–8, in the house at the time of the fire loss and payment by the insurer should be made pursuant to the terms of its policy of insurance.

The trial court awarded Toman prejudgment interest on the $28,000.00 principal sum from September 26, 1981, the date of the fire. Toman is entitled to prejudgment interest only from the date of the refusal of the claim since there was no showing that insurer was dilatory in conducting an investigation of the claim. *North River Insurance Co. v. Golden Rule Construction Co.,* 296 N.W.2d 910 (S.D.1980). We note that the summons and complaint was served on Toman on December 31, 1981, less than ninety days after the fire loss. Since there was no other evidence about the refusal of the claim, we fix the date of refusal as of December 31, 1981. Interest shall begin to accrue from that date.

Accordingly, the judgment is affirmed in the principal sum with modification only as to the prejudgment interest.

FOSHEIM, C.J., and WOLLMAN, DUNN and HENDERSON, JJ., concur.

HERTZ, Circuit Judge, sitting for MORGAN, J., disqualified.