**Luella Mae JOHNSON, Employee, Claimant and Appellant,**

v.

**SKELLY OIL COMPANY, A Corporation, Employer, Self-Insurer and Appellee.**

Nos. 14440, 14446 and 14466.

Supreme Court of South Dakota.

Considered on Briefs Sept. 10, 1984.

Decided Dec. 5, 1984.

Rehearing Denied Jan. 14, 1985.

Ronald L. Schulz of Oviatt, Green, Schulz & Roby, Watertown, for employee, claimant and appellant.

Laird Rasmussen of Moore, Rasmussen, Sabers & Kading, Sioux Falls, for employer, self-insurer and appellee; Douglas N. Papendick, Legal Intern, Sioux Falls, on brief.

WUEST, Acting Justice.

This case involves a claim for worker's compensation benefits. Appellant Luella Mae Johnson (employee) was severely injured in an automobile accident on October 9, 1972. As a result of that accident, she was totally disabled. The matter was previously before this court in *Johnson v. Skelly Oil Co.*, 288 N.W.2d 493 (S.D.1980), wherein it was held that employee's injuries arose out of and in the course of her employment with Skelly Oil Company (employer), and are therefore compensable. Accordingly, the case was remanded to the circuit court with directions to remand it to the South Dakota Department of Labor (Department) for reinstatement of an award of compensation and for a determination of the amount of compensation due employee.

In an order dated March 26, 1980, Department directed employer and self-insurer to pay claimant all permanent disability compensation and medical expenses, pursuant to SDCL 62-4-3 and SDCL 62-4-1; said benefits to accrue as of the date of the accident. It was further ordered that Department retain jurisdiction to determine

any dispute regarding the weekly compensation benefits due employee, based on her prior earnings and medical expenses.

An agreement was subsequently reached by employer and employee regarding weekly compensation, monthly home care, and reimbursement for future medical services and supplies. No agreement could be reached as to the rate of reimbursement for mileage or for the payment of outstanding medical and related expenses incurred prior to January 1, 1975. Consequently, on March 8, 1982, in Watertown, South Dakota, Department held a hearing to determine the responsibility for payment of medicals and other items incurred by employee. This hearing was continued to obtain additional testimony through deposition. Additional testimony was obtained and presented to Department and, on April 8, 1983, it entered its decision.

Department determined that employee was entitled to reimbursement for mileage at the rate of twenty-one cents per mile, and she was entitled to interest on those medical items which the supplier of medical services had charged interest upon, or, which were paid by employee or members of her family. Department denied her claim for reimbursement for lodging, meals, and travel expenses incurred by her mother during employee's hospitalization, in the sum of $6,020.80. Department further denied employee's claim for reimbursement for the purchase of a television and tape player, in the sum of $225.00, and for reimbursement for the purchase price of a van, in the sum of $7,281.45.

The decision entered by Department was appealed to circuit court and affirmed with the exception of Department's denial of reimbursement for the cost of the van, in the sum of $7,281.45, which was awarded to employee by the court. Employee appeals to this court from the judgment of the circuit court. Employer appeals from that portion of the judgment awarding employee the sum of $7,281.45 as reimbursement for the van.

Employee petitioned Department for a separate hearing for the allowance of attorney fees, pursuant to SDCL 58–12–3 and SDCL 58–12–3.1. Department denied the request for attorney fees, which denial was appealed to circuit court and judgment was entered affirming Department's denial of attorney fees. Employee also appeals the denial of attorney fees to this court.

The issues in dispute, except the claim for attorney fees, are based upon SDCL 62–4–1, which reads as follows:

The employer shall provide necessary first aid, medical, surgical, and hospital services, or other suitable and proper care including medical and surgical supplies, apparatus, artificial members and body aids during the disability or treatment of an employee within the provisions of this title. Repair or replacement of damaged prosthetic devices, hearing aids, prescription eyeglasses, eyeglass frames, contact lenses and dentures shall be considered a medical service, under this section, if such devices were damaged or destroyed in an accident which also causes other injury which is compensable under this law. The employee may elect to secure his own physician, surgeon, or hospital services at his own expense.

## SCOPE OF REVIEW

█ Before we address ourselves to the issues on appeal, we first address the proper scope of review on appeal. When the issue is a question of law, the decisions of the administrative agency and the circuit court are fully reviewable. *Matter of Change of Bed Category of Tieszen*, 343 N.W.2d 97 (S.D.1984); *Nash Finch Co. v. South Dakota Dept. of Rev.*, 312 N.W.2d 470 (S.D.1981). When the issue is a question of fact, we ascertain whether the administrative agency was clearly erroneous. *Matter of S.D. Water Mgmt. Bd.*, 351 N.W.2d 119 (S.D.1984); *State, Div. of Human Rights v. Miller*, 349 N.W.2d 42 (S.D. 1984).

## PREJUDGMENT INTEREST

Appellant contends that the Department and the circuit court erred when they failed

to grant employee's request for reimbursement of interest on all unpaid medical bills, as well as other expenditures from and after the date of their being incurred. We agree.

■ The empowering statute for prejudgment interest is SDCL 21-1-11, which provides:

> Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor, from paying the debt.

Thus, under this statute, prejudgment interest may be allowed if (1) the damages are certain or capable of being made certain by calculation; and (2) the right to recover vested on a particular day. *See Aetna Casualty and Surety Company v. United States,* 365 F.2d 997 (8th Cir.1966); *American Property Services v. Barringer,* 256 N.W.2d 887 (S.D.1977); *State v. Ed Cox and Son,* 81 S.D. 165, 132 N.W.2d 282 (1965).

We interpreted SDCL 21-1-11 in *Beka v. Lithium Corporation of America,* 77 S.D. 370, 375, 92 N.W.2d 156, 159 (1958), and held:

> The mere fact that the claim is disputed does not defeat the allowance of interest. *Corcoran v. Halloran,* 20 S.D. 384, 107 N.W. 210 [1916]. As applied to this case our statute was construed by this court in *Gearhart v. Hyde,* 39 S.D. 273, 164 N.W. 58 [1917]. The rule announced in that case is that interest is allowable on damages if there exists established or reasonably ascertainable market prices or values of the subject matter by reference to which the amount due may be determined by computation. This rule seems to be generally accepted.... The reason for denying interest on a claim is that where the person liable does not know what sum he owes, he cannot be in default for not paying. When the exact sum of the indebtedness is known or can

be readily ascertained the reason for the denial of interest does not exist.

■ The trial court affirmed Department's decision and denied employee's request for prejudgment interest because no interest had been charged to employee nor had any account previously been paid by employee or her family. In *Gearhart v. Hyde,* 39 S.D. 273, 275, 164 N.W. 58, 59 (1917), however, this court quoted from *Laycock v. Parker,* 103 Wis. 161, 186, 79 N.W. 327, 335 (1899) as follows: " 'The true principle, which is based on the sense of justice in the business community and on our statute, is that he who retains money which he ought to pay to another should be charged interest upon it.' " *See Clark County v. Howard,* 58 S.D. 457, 237 N.W. 561 (1931).

■ In *North River Ins. Co. v. Golden Rule Const.,* 296 N.W.2d 910 (S.D.1980), this court held that where the amount of damages suffered by builder due to fire was never in dispute and builders' risk insurer refused to pay the entire amount, builder was entitled to prejudgment interest from the date of refusal. In the instant action, and its predecessor *Johnson v. Skelly Oil Co., supra,* the reasonableness of unpaid medicals and other expenditures incurred by employee was never disputed by Skelly Oil; the company merely contended the absence of liability under our worker's compensation laws. We hold that employee's medicals and related expenditures were reasonably ascertainable upon their due date and employee is therefore entitled to prejudgment interest, less any interest employer may have already paid on them on her behalf.

## EXPENDITURES CLAIMED UNDER SDCL 62-4-1

Employee further contends that certain expenditures incurred by her and her family during her hospitalization, which were disallowed by Department, were compensable under SDCL 62-4-1. These items include employee's mother's expenses for lodging, meals, and travel in the sum of

$6,020.80; the purchase of a television and tape player in the sum of $225.00; and, the acquisition of a van in the sum of $7,281.45. Employee also seeks to increase the amount of reimbursement for mileage when travelling to obtain medical services and supplies. Employee argues that each of these items, which Department denied reimbursement for, are within the suitable and proper care provisions of SDCL 62–4–1. The circuit court affirmed Department's denial of reimbursement of all of the expenditures considered, except for the van acquisition. This court will address the issue of the van acquisition separately from the issues relating to employee's mother's expenditures, the television, tape recorder, and mileage reimbursement.

## MOTHER'S EXPENSES, TELEVISION, TAPE RECORDER AND MILEAGE

■ The circuit court affirmed Department's determination that the television and tape recorder purchased for employee, and the expenses incurred by employee's mother while visiting employee during her hospitalization were not compensable under South Dakota's worker's compensation laws. Regarding these items, such a determination is a mixed question of law and fact. Under the circumstances of this case, we cannot say that Department's decision, or the circuit court's subsequent affirmance therein, were clearly erroneous.

## THE VAN ACQUISITION

As a conclusion of law, Department determined that SDCL 62–4–1 does not allow reimbursement for the van purchased by employee. Department made no findings of fact as to whether, under the circumstances, the van constituted "other suitable and proper care" as provided for in SDCL 62–4–1. The circuit court, however, made a factual determination that employee was confined to a wheelchair and therefore needed the van for transportation to obtain medical services. The circuit court noted that employer expended funds to equip the van with a lift to facilitate employee's use of it. From these facts, the circuit court

concluded, as a matter of law, that the van constituted "other suitable and proper care" under SDCL 62–4–1.

■ When no findings of fact are stated in an agency's final decision, it is not within the province of the circuit court to make such findings on review. SDCL 1–26–25 specifically states that an administrative agency's final decision "shall include findings of fact and conclusions of law, separately stated." In *State Dept. of Public Safety v. Eastman*, 273 N.W.2d 159, 160 (S.D.1978), we stated:

> Since a circuit court can only review a final decision and since a final decision must include findings of fact and conclusions of law, a circuit court cannot properly review a decision unless it includes findings of fact and conclusions of law.

*See also Matter of Adams*, 329 N.W.2d 882 (S.D.1983); *Lemke v. Rabenberg's, Inc.*, 89 S.D. 386, 233 N.W.2d 336 (1975).

■ SDCL 1–26–25 further states that "[f]indings of fact, if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings." In *Lemke, supra*, this court acknowledged that this provision was adopted from the Model State Administrative Procedure Act § 12 (1961). We cited a note prepared by that conference which clearly reflects the purpose of the statute and the legislative intent:

> "An attempt is here made to require agency findings to go beyond a mere statement of a general conclusion in the statutory language ... or in language of similar generality. The intent is to require the degree of explicitness imposed by such decisions as *Saginaw Broadcasting Company v. Federal Communications Commission* (Ct.App.D.C.1938), 96 F.2d 554, where the court required a statement of the 'basic or underlying facts.' ..."

89 S.D. at 391–92, 233 N.W.2d at 339. We conclude that SDCL 1–26–25 requires Department to make a factual determination as to whether the van purchased by em-

ployee constituted "other suitable and proper care" as stated in the language of SDCL 62–4–1.

Finally, employee contends that she is entitled to attorney fees pursuant to SDCL 58–12–3. Department denied the allowance of attorney fees and the trial court affirmed the denial.

SDCL 58–12–3 provides generally that if it appears from the evidence that an insurance company has refused to pay the full amount of any loss, and if such refusal is vexatious or without reasonable cause, Department, the trial court, and the appellate court shall, if judgment or an award is rendered for employee, allow employee a reasonable sum as an attorney fee to be recovered and collected as part of the costs.

In *Tracy v. T & B Construction Company*, 85 S.D. 337, 182 N.W.2d 320 (1970), this court ruled that whether or not an insurer's refusal to pay is vexatious or unreasonable is necessarily determined upon the facts of each particular case. In the trial court's memorandum decision, which was incorporated by reference into its findings of fact, the court held that under the facts of the case Department's decision denying attorney fees was not clearly erroneous nor an abuse of discretion. The court continued stating that the insurer was exercising its right of appeal, and could not be punished for exercising a right which was conferred upon it by our legislature.

"This court presumes that a trial court's findings of fact are correct." *North River*, 296 N.W.2d at 915; *Wilson v. Allstate Insurance Company*, 85 S.D. 553, 186 N.W.2d 879 (1971); *Hilde v. Flood*, 81 S.D. 25, 130 N.W.2d 100 (1964). "We are, therefore, bound by the trial court's decision on this matter unless the record shows that decision to be clearly erroneous. SDCL 15–6–52(a)." *Ranger Insurance Company v. Macy*, 88 S.D. 674, 681, 227 N.W.2d 426, 431 (1975).

■ Upon a review of the record and the facts of this case, we cannot say that the trial court's determination that employer's refusal to pay employee's claim was not vexatious or without reasonable cause was clearly erroneous. We therefore affirm that portion of the trial court's judgment denying attorney fees under SDCL 58–12–3.

Accordingly, we affirm in part, reverse in part, and remand to the circuit court with direction to remand to Department for the factual determination required by SDCL 1–26–25.

FOSHEIM, C.J., and MORGAN, J., concur.

WOLLMAN and HENDERSON, JJ., concur in part and dissent in part.

WOLLMAN, Justice (concurring in part, dissenting in part).

As the majority opinion points out, the Department determined that as a matter of law the van purchased by employee did not constitute "other suitable and proper care" under SDCL 32–4–1. The circuit court's conclusion of law was to the contrary. In reaching this conclusion, the circuit court acknowledged a fact—that employee is confined to a wheelchair and requires the van for transportation to obtain medical services. There seems to be no question but that employee is totally disabled and requires a specially equipped vehicle to transport her from her home to the place where she obtains needed medical services. That being the case, it seems to me that we should come to grips with the question whether the van constitutes "other suitable and proper care" rather than to remand the case to the Department for a foregone finding.

I join in the other portions of the majority opinion. I do note that in *American State Bank v. List-Mayer*, 350 N.W.2d 44 (S.D.1984), we specifically held open the question whether prejudgment interest is ever awardable on medical bills pursuant to SDCL 21–1–11. I agree that under the circumstances of this case employee is entitled to prejudgment interest on the unpaid medical bills.

HENDERSON, Justice (concurring in part, dissenting in part).

Although agreeing with this decision substantially, both in spirit and substance, I would not allow a recovery of prejudgment interest and I would allow a recovery for room, board, and travel expense in the sum of $6,020.80 incurred on behalf of the employee by her mother. These expenses resulted from procuring medical services, treatment, and supplies for the employee.

Addressing the expenses incurred on behalf of the employee, my basic reason is that they were incurred on behalf of the employee to keep her alive. Employee was hospitalized from the time of her accident on October 9, 1972, until May 1974. She was first hospitalized at Watertown, South Dakota, and thereafter transferred to Sioux Falls, South Dakota, where she there remained until January 1973. Thereafter, she was transferred to Bismarck, North Dakota, where she was hospitalized for three months. Due to her total invalidism and general dehabilitation, she was transferred to the Sister Kenny Institute, Minneapolis, Minnesota, and there spent one year in rehabilitation. Employee, upon leaving Sister Kenny Institute, was then transferred to Grand Forks Rehabilitation Center, Grand Forks, North Dakota, where she remained for three months until May 1974. She was then transported to the home of her parents at Tappen, North Dakota, where she has resided and continues to reside until the time this case was submitted to the Supreme Court. It can be fairly deduced that she still lives with her parents for the reason that she is unable to fend for herself in life and needs the constant care, comfort, companionship and support of her parents—both psychologically and physically. Were it not for the mother transporting and attending to the immediate needs of her daughter, the daughter would have simply perished. It was both reasonable and necessary that someone attend to the needs of employee and the mother did so. Had not the mother done so, it could easily have been perceived as heartless action on her part and without any doubt a full-time nurse would have had to be employed to care for employee on a round-the-clock basis. It is to be remembered that the mother asks not one dime for her time in saving her daughter's life and acting as her nurse; rather, the employee only asks that her mother be reimbursed for her suitable and proper care. This necessarily included getting employee to and from institutions so she could survive and be nursed. SDCL 62–4–1 provides for suitable and proper care. "We have a long-standing policy to interpret workmen's compensation statutes liberally." *S.D. Med. Serv. v. Minn. Mut. Fire & Cas. Co.,* 303 N.W.2d 358, 361 (S.D.1981). Justice Frank Biegelmeier, writing for the Court in *Donovan v. Powers,* 86 S.D. 245, 248, 193 N.W.2d 796, 798 (1972), expressed it this way: "The Workmen's Compensation Law is remedial and should be liberally construed to effectuate its purpose." Therefore, I cannot bring myself to interpret the statute against the employee. Suitable and proper care would be required to feed employee for she was unable to eat by herself; a tube was introduced into her stomach through her nose for feeding purposes and she was unable to speak; she was markedly spastic and assumed the fetal position. On one occasion, employee would have choked to death had the mother not been at her side to save her life. Common sense dictates that had employee's parents employed professional care, an equivalent nursing would have amounted to a far greater amount than simply the out-of-pocket expense of employee's mother.[*] Thus, I disagree with my Brothers on the disallowance believing that their interpretation of SDCL 62–4–1 is not in keeping with the phrase "or other suitable and proper care." Further, I do not construe a tele-

---

[*] Permitting the recovery of nursing services *in the home* (though mother asked not for it here) for family members, is being enlarged by the majority of states. 2 A. Larson, *The Law of Workmen's Compensation* § 61.13(d) (1983); *see*

*Sisk v. Philpot,* 244 Ark. 79, 423 S.W.2d 871 (1968), for parents' recovery of medical, surgical, hospital, and nursing services; *see also, Kushay v. Sexton Dairy Co.,* 394 Mich. 69, 228 N.W.2d 205 (1975).

vision, tape recorder and player to be a medical or surgical supply or apparatus or body aid within the meaning of SDCL 62–4–1.

I cannot bring myself to agree with the prejudgment interest decisional aspect of the majority opinion. I cannot quarrel with the authorities cited by the majority opinion on the prejudgment interest issue. It is the application of those authorities to the facts at hand that seem to me to achieve an unwarranted result. I am troubled that these authorities have been used in such fashion to make an award of prejudgment interest where no prejudgment interest has been charged. Essentially, the majority opinion holds that employee should be reimbursed for interest on all unpaid medical bills as well as other expenditures from and after the date of being incurred. Ordinarily, I would not have the slightest reservation in subscribing to such holding. However, the facts reflect that medical accounts and bills where interest was recoverable, have already been paid by the employer. Interest should be recoverable in those situations where it is, in truth and in fact, being charged or where accounts had previously been paid by the employee or members of the employee's family. The circuit court specifically found and held that appellant's request for interest should be denied, only because of the facts before it, namely, that interest had not been charged to the appellant on certain accounts and accounts had not previously been paid by appellant or members of her family. Interest should be recovered where interest has been incurred. If there is no interest incurred, on an item-to-item basis, interest should not be reimbursed by the employer. Therefore, I would sustain the trial court in its holding in this regard.