WILSON, Respondent v. ALLSTATE INS. CO., Appellant

(186 N.W.2d 879)

(File No. 10834. Opinion filed May 18, 1971)

**Costello, Porter, Hill, Banks & Nelson,** Rapid City, **Donn Bennett,** Buffalo, for plaintiff and respondent.

**Thomas P. Ranney and Robert F. Lafleur,** Rapid City, for defendant and appellant.

BIEGELMEIER, Judge.

Defendant Allstate Insurance Company issued a liability policy to plaintiff to three motor vehicles including a 1965 Chrysler, the title to which was registered in plaintiff's wife, Barbara Wilson.

On September 9, 1969, plaintiff bought and took possession of a 1967 Chrysler and the 1965 Chrysler was given to his son who was a student-teacher. Thereafter, though the certificate of title was never assigned to him, the son had exclusive possession of the 1965 Chrysler and used it to travel to his practice teaching duties from the college in Spearfish to Lemmon, South Dakota.

On October 10, 1969, thirty-one days after acquiring the 1967 model and while driving it, plaintiff was involved in an automobile accident; on the same day he reported the accident and purchase of the new car to defendant's issuing agent. A month later an action was brought by one Karen Wilhelm against present plaintiff for damages as a result of that accident and defendant was notified thereof and furnished the suit papers.

Later Allstate notified plaintiff it was denying coverage and refusing to defend the action because of nonnotification of additional automobile and for other reasons not enumerated. Plaintiff employed his own counsel to defend and, when a judgment for $2,500 was entered against him for damages, plaintiff brought the present suit for breach of contract for those damages and attorneys' fees in both actions.

By paragraph I, coverages A and B provide insurance for bodily injury and property damage liability of insured, and by paragraph V the same coverage is provided his spouse, arising out of the use of the automobile described in the policy. Paragraph VI(4) defines the automobile as including:

> **"Newly Acquired Automobile**—an automobile, ownership of which is acquired by the named insured or his spouse if a resident of the same household, if (i) it replaces an automobile owned by either and covered by this policy, or the company insures all automobiles owned by the named insured and such spouse on the date of its delivery, and (ii) the named

insured or such spouse notifies the company within thirty days following such delivery date; but such notice is not required under coverages A, B and division 1 of coverage C if the newly acquired automobile replaces an owned automobile covered by this policy."

The present action was tried to the court which found the issuance of the liability policy; that on or before September 9, 1969, plaintiff disposed of the 1965 Chrysler and transferred it to the exclusive, permanent care, custody and control of plaintiff's son, and plaintiff's testimony with reference to the gift of the 1965 Chrysler to the son was true; that on or about the date plaintiff acquired possession of the 1967 Chrysler it replaced the 1965 Chrysler; that on October 2, 1969, the 1967 Chrysler was titled in the name of plaintiff and his wife. The court concluded that having found, as a fact, that the 1967 Chrysler was a replacement vehicle for the 1965 Chrysler, under the terms of the policy plaintiff was under no obligation to notify defendant of the acquisition of the 1967 Chrysler; that plaintiff had performed all conditions and covenants under the policy on his part but defendant had refused to carry its part without reasonable cause and plaintiff was entitled to judgment for the amount of the Wilhelm recovery and attorneys' fees for both actions. Judgment was entered thereon and Allstate has appealed.

Plaintiff claims defendant has failed to comply with rules of court and asserts the assignments of error are not sufficient and present no question for review in that they state mere assertions of error and are unsupported by particulars as to the specific claim of error and references to the record required by SDCL 15-29-6 and 15-29-17 are absent. There is much merit in this claim; compliance with our rules does advise opposing counsel of claims of error so that they may answer them and the court determine the issue thus raised.

Turning to the merits of defendant's contention that the evidence does not support the findings on the replacement issue we have reviewed the evidence and conclude it supports, rather than negates (as defendant argues), the finding

the 1965 Chrysler was given to the son and likewise supports the finding the 1967 Chrysler replaced the 1965 Chrysler. Under SDCL 15-6-52(a) "Findings of fact shall not be set aside unless clearly erroneous". See In re Estate of Hobelsberger, 85 S.D. 282, 181 N.W.2d 455.

■ If there is any uncertainty or ambiguity in a contract of insurance it must be construed most strongly against the insurer and in favor of the insured. Aetna Insurance Company v. Labor, 85 S.D. 192, 179 N.W.2d 271; Couch on Insurance, 2d Ed., § 15:73.

The courts have upheld findings that another car purchased by the insured replaced the vehicle described in the policy. Even

> "The fact that the car described in the policy was retained by the insured and was in a legally usable condition has been held not to preclude transfer of coverage to a newly acquired car, where such car was actually purchased to replace the first car for the same use. Merchants Mut. Casualty Co. v. Lambert (1940) 90 N.H. 507, 11 A.2d 361, 127 A.L.R. 483." Annot., 34 A.L.R.2d 936 at 945.

There the insured retained title and possession of the 1930 car described in the policy but kept it in his garage as it was worn out and not fit to be driven on the public highway. The trial court found a 1935 car purchased by insured replaced the 1930 model under a clause of the policy which read " 'insurance applies to such other automobile, if it replaces an automobile described in this policy' ". The court wrote:

> "The plaintiff, if it had seen fit, might have inserted a provision that the insurance should not attach to the replacing car until the insured had parted with the ownership and possession of the replaced car, but in the absence of any such provision in the policy, these factors of the situation were properly regarded by the trial court as indecisive.

> "The finding of the court that the 1935 car 'was purchased for the defendant Lambert's business to

replace the 1930 car for the very same use previously made of the 1930 automobile' is fully sustained by the evidence and the conclusion that 'the said policy covered the 1935 Pierce-Arrow sedan at the time of the accident' follows as a logical conclusion."

Further the Annotation in 34 A.L.R. 2d 936 at 945, states:

"Similarly, in Dean v. Niagara Fire Ins. Co. (1937) 24 Cal.App.2d Supp. 762, 68 P.2d 1021, * * * it was held that the fact that the car described in the policy was still registered in the insured's name, while the car he was driving at the time of the accident was not yet registered in his name, did not preclude coverage of the second car, the court emphasizing that coverage of the replacing car commenced with its delivery, provided the insurer acquired the legal status of registered owner either prior or subsequent to delivery."

In Dean clauses of the policy provided the " 'insurance * * * shall also apply * * * to any other automobile, ownership of which is acquired by the Named Insured' " and " 'the insurance shall be applicable only to such other automobile if it replaces an automobile described in this Policy' ". Defendant insurance company's contention as stated by the court was:

"Appellant argues that its responsibility as insurer in relation to the 1934 automobile was coextensive (within policy limits) with the liability of plaintiff as owner thereof and that the 1935 model did not 'replace' the described 1934 car unless and until the registered title of the one had been transferred from, and that of the other to, the plaintiff. Such contentions cannot be sustained."

In National Indemnity Company v. Aanenson, D.C. Minn., 264 F.Supp. 408, the opinion refers to the "replacement" provision of the policy in the Dean v. Niagara Fire Ins. Co. appeal as extending insurance coverage to the replacing vehicle at the time of delivery of the replacing vehicle. The Aanenson opinion first writes:

"The controlling general rule can be simply stated: A provision in an insurance policy for automatic coverage of replacement vehicles extends coverage to a newly acquired vehicle only if the allegedly replaced vehicle has been disposed of by the named insured or is inoperable or incapable of further service."

The trial court here having found the 1965 Chrysler had been given to plaintiff's son it had been "disposed of by the named insured" within the rule stated and thus could be and was replaced by the 1967 model with its consequent coverage. It is interesting to note that the court in Aanenson held where the title of the vehicle was in a person other than the named insured (as is the case here) it was "unreasonable to require a change in the ownership of the replaced vehicle when ownership of said vehicle is in someone other than the named insured." *

Yenowine v. State Farm Mutual Automobile Ins. Co., 6 Cir., 342 F.2d 957, cited by defendant is not contra to the general rule as there the court held no gift had been made of the car and only that the son "was going to get it" later and that an intention to make a gift in the future did not consitute a transfer of title.

■ The 1967 Chrysler having replaced the 1965 model, the 30-day notice was not required under coverages A and B involved in this action.

■ In Finding of Fact V the court found plaintiff necessarily incurred expenses for legal services in the defense of the Wilhelm action of $1,613.73 which were reasonable (which is not disputed) and included this amount in the

---

*No mention has been made of the effect of any of SDCL 32-3 applicable to sales of or certificates of title to motor vehicles. Despite some sections requiring compliance therewith and limiting rights thereto for failure to comply therewith, the chapter is consistent with our views as SDCL 32-3-11 recognizes the insurable interest therein from the time of delivery to enforce all lawful contracts of insurance affecting the motor vehicle or its operation or use. See as to similar code provisions Dean v. Niagara Fire Ins. Co., supra.

judgment for damages. A conclusion of law was that Allstate refused to carry out its part of the contract without reasonable cause. The expenses incurred in defense of the accident action are clearly recoverable. Appleman, Insurance Law and Practice, § 4691; Blashfield Automobile Law and Practice, § 343.22.

The court's authority of attorneys' fees for the present action apparently was founded on SDCL 58-12-3 which permits such allowance if it appears from the evidence that an insurance company "has refused to pay the full amount of such loss, and that such refusal is * * * without reasonable cause". As allowance of such fees was made by the trial court and approved on appeal in Hughes v. General Insurance Co., 85 S.D. 337, 182 N.W.2d 320, decided after this appeal was taken. The court wrote:

> "The question of whether an insurer's refusal to pay is vexatious or without reasonable cause is necessarily one of fact and whether attorney's fees are to be allowed must depend on the facts and circumstances of each particular case. In the case at bar the trial court found that General's failure and refusal to pay was vexatious or without reasonable cause. Although General has not argued the point, a review of the record satisfies us there is ample support for this finding."

In Finding V the court also found plaintiff "necessarily incurred expenses for legal services" of $1,070.16 in the prosecution of this action and in a conclusion of law stated defendant "has wholly omitted and refused to carry out its part of the contract of insurance without reasonable cause." Designation of a finding of fact as a conclusion of law is not determinative of its true nature. A fact found by the court although expressed as a conclusion of law will be treated on appeal as a finding of fact. State ex rel. Van Loh v. Prosser, 78 S.D. 35, 98 N.W.2d 329.

Defendant's objections to the findings and conclusions were limited to the expenses in the defense of the Wilhelm action that there was no showing that the refusal to defend

plaintiff in that action was "vexatious or without reasonable cause" but made no objection to the expenses in the present action. The objection to the three conclusions of law dealing with different subjects was they were "contrary to the evidence and the law applicable thereto."

Defendant's statement of the questions presented by the assignments of error, as required by SDCL 15-29-17(4), lists only two questions relating to the replacement issue but none as to attorney's fees. Without this compliance with the rules and without having presented a finding that defendant acted in good faith or had reasonable cause to refuse to defend plaintiff, it attempts to raise this question by claiming it is incomprehensible to understand how its conduct was vexatious or without reasonable cause.

■ Findings of fact are presumptively correct, Hilde v. Flood, 81 S.D. 25, 130 N.W.2d 100. While the evidence may support the finding that the refusal of defendant to comply with its insurance contract was without reasonable cause, plaintiff having asserted defendant's noncompliance with our rules of court as construed by many of our decisions, defendant cannot on this record question the sufficiency of the evidence as to that item. Builders Specialties Co. v. Swanson, 82 S.D. 663, 152 N.W.2d 550, and numerous opinions cited.

■ Plaintiff requests this court to remand the case to the trial court with instructions to determine plaintiff's further damages by way of attorneys' fees incurred on this appeal. For the reasons given in denying a similar request in Hughes v. General Insurance Co., supra, this request is denied.

The judgment appealed from is affirmed; plaintiff is to recover the usual taxable costs.

All the Judges concur.