NEW YORK CITY DEPARTMENT OF TRANSPORTATION et al., Appellants, v PETRIC & ASSOCIATES, INC., Respondent. [19 NYS3d 48]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered August 21, 2014, which granted defendant's motion for summary judgment dismissing the complaint, unanimously modified, on the law, solely, to declare that plaintiffs cannot recover on their complaint until after the policy limits of the Endurance policy issued to defendant have been exhausted by the payment of judgments or settlements, and otherwise affirmed, without costs.

Pursuant to the common-law antisubrogation rule, an insurer "has no right of subrogation against its own insured for a claim arising from the very risk for which the insured was covered" (North Star Reins. Corp. v Continental Ins. Co., 82 NY2d 281, 294 [1993]). In light of this rule, plaintiffs' argument that this action does not violate the antisubrogation rule because it involves two different policies and two different insurers is unavailing, based on the "insured contract" exception to the employer's liability exclusion of the subject general liability policy. Based on the foregoing exception to the employer's liability exclusion, the Endurance policy provides coverage to the City and Conti for the Labor Law causes of action asserted against them by the plaintiff in the underlying action. The Endurance policy also provides coverage to Petric for its contractual indemnification obligation to the City and Conti. Thus, the conflict of interest is readily apparent, since any effort by the City and Conti to seek reimbursement from

Petric's insurer, Endurance, is essentially a subrogation action by Endurance against its own insured, which is barred by the antisubrogation rule (*see Washington v New York City Indus. Dev. Agency*, 215 AD2d 297, 298 [1st Dept 1995]).

Although the third-party action against Petric asserts only causes of action based on common law indemnification and contribution, "New York law does not distinguish, for purposes of the antisubrogation rule, between subrogation claims brought directly against an insured and claims brought against a common insurer" (*Ohio Cas. Ins. Co. v Transcontinental Ins. Co.*, 372 Fed Appx 107, 112 [2d Cir 2010], citing *Washington v New York City Indus. Dev. Agency*, 215 AD2d at 299; *see also Maksymowicz v New York City Bd. of Educ.*, 232 AD2d 223, 223-224 [1st Dept 1996]).

Accordingly, the antisubrogation rule applies to bar the City and Conti's claims against Petric until the $1 million limit of liability of the Endurance policy is exhausted. Concur—Mazzarelli, J.P., Acosta, Saxe and Richter, JJ.