[¶5.] The circuit court concluded that State Farm could not subrogate against its own insured. It further held that the reimbursement clause was ambiguous. As a consequence, the court construed the policy against State Farm, the drafter, granting summary judgment to James. State Farm appeals, raising one issue and several sub-issues restated as follows:
1. Whether the language of the reimbursement clause is ambiguous.
2. Whether requiring James to reimburse State Farm implicates the *543 anti-subrogation rule or offends public policy.
3. If State Farm is entitled to reimbursement, whether James is entitled to a portion of his attorney fees.
Analysis and Decision
[¶6.] "We review a circuit court's entry of summary judgment under the de novo standard of review." Harvieux v. Progressive N. Ins. Co ., 2018 S.D. 52, ¶ 9, 915 N.W.2d 697, 700. When conducting this review, "[w]e give no deference to the circuit court's decision[.]" Oxton v. Rudland , 2017 S.D. 35, ¶ 12, 897 N.W.2d 356, 360. "When reviewing a circuit court's grant of summary judgment, this Court only decides whether genuine issues of material fact exist and whether the law was correctly applied." Ass Kickin Ranch, LLC v. N. Star Mut. Ins. Co. , 2012 S.D. 73, ¶ 6, 822 N.W.2d 724, 726. Here, there are no disputed facts, so our task is to determine whether the circuit court correctly applied the law.
[¶7.] Each party filed briefs advising the circuit court of their interpretation of the policy. James alleged that the reimbursement provision was ambiguous and should therefore be construed against its drafter, State Farm. In response, State Farm argued the policy provided it with an unambiguous contractual right to reimbursement. In addition to the question of ambiguity, the parties also disputed whether the anti-subrogation rule applied to the reimbursement provision in the policy.
[¶8.] A brief explanation of these concepts is helpful to understand the arguments advanced by the parties both before the circuit court and in this appeal. "[S]ubrogation is a time-honored theory [in which] insurers who pay a loss [for insureds] are entitled, within the limits of [the] subrogation doctrine, to pursue the actual wrongdoer." 16 Steven Plitt et al., Couch on Insurance § 222:4 (3d ed. Supp. 2018); see also Am. Family Mut. Ins. Co. v. Auto-Owners Ins. Co. , 2008 S.D. 106, ¶ 13, 757 N.W.2d 584, 588. By subrogating a claim, the insurer is allowed to stand in the shoes of the insured to sue the tortfeasor to recover the payments it made. One limitation to the doctrine of subrogation, however, is the anti-subrogation rule, a defense that prohibits insurers from suing their own insureds to recover a loss. See Plitt, supra § 224:3. Even though the anti-subrogation rule is widely recognized, courts take varying approaches when applying the rule.[2]
[¶9.] Reimbursement, on the other hand, often differs factually from subrogation because rather than seeking recovery from a third party, it allows "the insurer to recover policy payments directly from its own insured or beneficiary upon that party's recovery of the same loss from a third party ...." Id. at § 222:81. Therefore, although the mechanisms of recovery are different, "the effect of subrogation and reimbursement are essentially the same." Id.
[¶10.] James relied upon subrogation principles to argue State Farm was not entitled to recovery under either the reimbursement or subrogation provisions based on the anti-subrogation rule. Even though the rule is generally applicable only to subrogation claims, James contended the *544 language and effect of the provisions were similar enough to apply the principal of anti-subrogation to the reimbursement clause. This is because permitting reimbursement, according to James, would allow State Farm to recover against James, its own insured.[3]
[¶11.] In response, State Farm argued that: (1) it was exercising an unambiguous contractual right of reimbursement completely distinct from instituting a subrogation action; (2) even if subrogation principles applied to its request for reimbursement, the anti-subrogation rule did not preclude State Farm's rights because the rule applied only to co-insureds under a single insurance policy; and (3) enforcing the reimbursement clause did not offend public policy.
[¶12.] Because it is dispositive of the issues in this case, we address only the question of whether the language of the reimbursement clause was ambiguous. "Insurance contract interpretation is a question of law reviewed de novo." W. Nat'l Mut. Ins. Co. v. Decker , 2010 S.D. 93, ¶ 10, 791 N.W.2d 799, 802. We construe the language of an insurance contract "according to its plain and ordinary meaning ...." St. Paul Fire & Marine Ins. Co. v. Schilling , 520 N.W.2d 884, 887 (S.D. 1994). Ambiguity exists "when application of rules of interpretation leave a genuine uncertainty as to which of two or more meanings is correct." Alverson v. Nw. Nat'l Cas. Co. , 1997 S.D. 9, ¶ 8, 559 N.W.2d 234, 235.
[¶13.] But mere disagreement as to which interpretation is correct is not sufficient to create ambiguity. "Rather, a contract is ambiguous only when it is capable of more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement." Coffey v. Coffey , 2016 S.D. 96, ¶ 9, 888 N.W.2d 805, 809. "[A]ny uncertainty or ambiguity in a contract of insurance [is to] be construed most strongly against the insurer and in favor of the insured." Wilson v. Allstate Ins. Co. , 85 S.D. 553, 557, 186 N.W.2d 879, 881 (S.D. 1971).
[¶14.] State Farm claims that the circuit court erred by finding the provisions of the reimbursement clause ambiguous. The relevant portion of James's insurance policy provides:
12. Our Right to Recover Our Payments
* * * * *
b. Reimbursement
If we make payment under this policy and the person or organization to or for whom we make payment recovers or has recovered from another person or organization, then:
(1) we are entitled, upon payment, to an assignment of any cause of action, or judgment obtained against such other person or organization and *545 (2) the person or organization to or for whom we make payment must:
(a) Hold in trust for us the proceeds of any recovery; and
(b) Reimburse us to the extent of our payment; with no reduction taken for attorney fees incurred in obtaining a settlement from a judgment against such other person or organization.
(Emphasis in original.) In analyzing the terms of the reimbursement clause, person is defined within the policy as "a human being," but organization is left without a definition.
[¶15.] The parties dispute focuses on the meaning of "recovers or has recovered from another person or organization." State Farm's highlighted reference to itself using the first-person pronouns "we," "us" and "our" establishes it cannot be considered to be "another ... organization." Therefore, we must next determine whether the phrase "recovers or has recovered from another person " is ambiguous.
[¶16.] State Farm argues the phrase recovery from "another person " includes any other person, even other individuals who also hold State Farm insurance policies. In its view, this language unambiguously includes Rivers, who is "another person " from James, even if State Farm funded the settlement on Rivers's behalf. In response, James argues the policy is ambiguous because it could also be interpreted to require reimbursement only when the insured recovers from another person or organization, but not another insured by State Farm. He contends that, here, there is no other "person or organization"-there is only State Farm.
[¶17.] From our review, there are two equally reasonable interpretations of the reimbursement provision when viewed objectively in the context of the entire agreement. See Alverson , 1997 S.D. 9, ¶ 8, 559 N.W.2d at 235. James had a legal claim against Rivers, but his actual recovery came from settlement proceeds State Farm paid pursuant to its policy with Rivers. Therefore, the language could be interpreted to mean State Farm has a right to reimbursement because James recovered from Rivers, who is "another person ." But James recouped his financial loss following the accident from State Farm's pocket, not "another person or organization." Therefore, the language could also be interpreted to mean James recovered from State Farm, the party who paid James. Based on the uncertainty regarding the term 'recovery,' we conclude the text of the reimbursement provision is ambiguous.[4]
[¶18.] Because ambiguity "is to be construed most strongly against the insurer and in favor of the insured," see Wilson , 85 S.D. at 558, 186 N.W.2d at 881 (emphasis added), we conclude that the language "another person or organization" in the reimbursement provision does not include State Farm or any of its insureds. Thus, State Farm has no contractual right to reimbursement for the $ 5,000 paid to James for medical expenses under the policy. We affirm.
[¶19.] GILBERTSON, Chief Justice, and JENSEN and SALTER, Justices, concur.

Some courts have held that the rule applies only when co-insureds share insurance coverage under a single policy. See, e.g. , Benge v. State Farm Mut. Auto. Ins. Co. , 297 Ill.App.3d 1062, 232 Ill.Dec. 172, 697 N.E.2d 914, 918 (1998). Other jurisdictions expand the rule's application to any situation when the same insurance company covers both insureds, even if the parties have separate, unrelated policies. See, e.g. , Control Specialists Co. v. State Farm. Mut. Auto. Ins. Co. , 228 Neb. 642, 423 N.W.2d 775, 776-77 (1988).

Our survey of the case law reveals an emerging trend concerning the parameters of an insurer's right to reimbursement from an insured. The vast majority of jurisdictions, including the Eighth Circuit Court of Appeals, have recognized reimbursement as a separate right from subrogation. See, e.g. , McIntosh v. Pac. Holding Co. , 992 F.2d 882, 884 (8th Cir. 1993). But at least three states-Nebraska, New York, and Texas-have directly rejected attempts by insurance companies to disguise subrogation as reimbursement in order to overcome the effects of a waiver or the anti-subrogation rule. See Wausau Underwriters Ins. Co. v. Wedel , 518 S.W.3d 615, 622 (Tex. App. 2017) (analyzing a statutory rather than a common-law right); Cont'l W. Ins. Co. v. Swartzendruber , 253 Neb. 365, 570 N.W.2d 708, 711 (1997) ; N.Y.C. Dep't of Transp. v. Petric & Assocs. , 19 N.Y.S.3d 48, 48, 132 A.D.3d 614 (N.Y. App. Div. 2015). Because our resolution of this case hinges on the question of ambiguity we express no opinion on this issue.

Indeed, to avoid this ambiguity State Farm could have specified that "another person or organization" could include both another person that State Farm insured or State Farm, itself, or simply allowed reimbursement where an insured recovers from another person or his insurer .