Hernandez v Metro Mgt. & Dev., Inc. (2019 NY Slip Op 08531)





Hernandez v Metro Mgt. & Dev., Inc.


2019 NY Slip Op 08531


Decided on November 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 26, 2019

Mazzarelli, J.P., Kapnick, Gesmer, Moulton, JJ.


10443 301466/11

[*1] Hiram Hernandez, et al., Plaintiffs,
v
Metro Management and Development, Inc., Defendant.
Metro Management and Development, Inc., Third Party Plaintiff-Respondent,
v
2075 Wallace Avenue Owners Corp., Third Party Defendant-Appellant.


Haworth Barber & Gerstman, LLC, New York (Barry L. Gerstman of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (I. Elie Herman of counsel), for respondent.



Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered on or about October 5, 2017, which granted third-party plaintiff's (Metro) motion for reargument and, upon reargument, denied third-party defendant's (Wallace) motion for summary judgment dismissing the third-party complaint, unanimously affirmed, without costs.
Contrary to Wallace's contentions, Metro's motion complied with CPLR 2221(f) by identifying separately and supporting separately each item of relief sought, and its arguments in support of each were not the same. Considering the arguments, the motion court recognized that it should not have entertained — and granted — Wallace's request for relief first mentioned in reply, without affording Metro an opportunity to respond (see e.g. Flores v Nikac, 121 AD3d 577 [1st Dept 2014]).
Wallace's request in reply is not akin to the demand for alternative or several different types of relief that is permitted in a notice of motion (CPLR 2214[a]). Metro was not given the opportunity to oppose the motion for the relief requested by Wallace.
Nor is the relief that Wallace requested on reply, a stay of the third-party action until certain policy limits were exhausted, merely a more lenient form of the relief it sought initially — dismissal of the third-party action. This question was not previously addressed by either party or the court, and the court properly granted reargument to address the unintended consequences of its original determination.
Upon granting reargument, the court correctly reversed its original determination that Wallace was entitled to summary judgment. The record presents issues of fact as to the applicability of the anti-subrogation rule (see New York City Dept. of Transp. v Petric & Assoc., Inc., 132 AD3d 614 [1st Dept 2015]).
We have considered Wallace's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 26, 2019
DEPUTY CLERK